UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MR. VAPOR WHOLESALE, LLC,

        Plaintiff,                                    Case Number 20-10416

v.                                                             Honorable David M. Lawson

HS WHOLESALE LTD.,

        Defendant.

_____/

## OPINION AND ORDER DENYING MOTION TO DISMISS

The defendant in this case of alleged trademark infringement has moved to dismiss the complaint for want of personal jurisdiction. The plaintiff, which makes and sells "Mr. Vapor" branded electronic cigarettes, alleges that the defendant has counterfeited similar products and sold them under the same name without license from the plaintiff to use its brand. The defendant has no physical presence in Michigan, but it maintains a website through which Michigan customers have placed and received orders. That website is sufficiently interactive to support a finding that the defendant has sufficient minimum contacts with this forum to justify the exercise of personal jurisdiction over it. The motion is fully briefed, the issues presented are covered by the motion papers, and oral argument would not aid in the disposition of the motion. The motion, decided here on the papers submitted, *see* E.D. Mich. LR 7.1(f)(2), will be denied.

I.

The plaintiff is located in Troy, Michigan, where it makes and sells its "Mr. Vapor" branded vaping products. It alleges that it is the exclusive owner of the Mr. Vapor brand for the sale of such products within the United States. Defendant H.S. Wholesale Limited is an Illinois corporation. It asserts in its motion that it previously had a business relationship with the plaintiff

under which it bought the plaintiff's products and resold them through a website operated by the defendant. That relationship, however, apparently has ended.

In December 2019, the plaintiff discovered that branded products that it had not manufactured were being sold in the United States by an unknown source, which it eventually determined to be the defendant. The knockoffs used the Mr. Vapor brand and specific elements of the plaintiff's trade dress allegedly intended to deceive buyers to believe that they were the genuine article made by the plaintiff.

The plaintiff filed a complaint alleging trademark and trade dress infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1125 *et seq.*, and related claims of common law infringement and unfair competition under Michigan state law. The defendant responded with its motion to dismiss.

In its complaint, the plaintiff alleged only in general terms that the infringing products were offered for sale and sole within this district. However, the plaintiff recently filed an affidavit by Layth Kasto (apparently as its motion defense), who attested that he is the owner of the Inline Vape Shop in Howell, Michigan. On January 19, 2020, Kasto ordered quantities of a variety of different "flavors" of Mr. Vapor branded products from the defendant's website (www.hswsupply.com). In order to do so, he was required to exchange information on an interactive basis over the website. Kasto had to verify his age, enter credit card payment details, and provide the delivery address of his shop. After that, he received an invoice stating the shipping address and products purchased, which were delivered to his store on January 24, 2020. Kasto previously had placed "many" similar orders of Mr. Vapor branded products through the defendant's website and received similar deliveries.

The defendant contends that the plaintiff did not allege sufficient facts in its pleadings to support the exercise of personal jurisdiction. It says that it has no operations in Michigan, employs no persons here, and only offers its products for sale through a website that it characterizes as "passive," allowing customers to browse its catalog of products and place orders. It contends that the pleadings did not sufficiently allege the sale of infringing products within the forum, but it stops short of explicitly denying that it ever has sold products to Michigan residents.

II.

The defendant brought its motion under Federal Rule of Civil Procedure 12(b)(2). The plaintiff therefore bears the burden of establishing the Court's authority to proceed against the defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The Court can look to a number of sources for the pertinent information: pleadings, affidavits, declarations, or testimony from an evidentiary hearing. *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 847 (6th Cir. 2017) (quoting *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017)). But unless the Court holds an evidentiary hearing, "a plaintiff need only make a *prima facie* showing that defendants are subject to personal jurisdiction." *Genetic Veterinary Scis., Inc. v. LABOKLIN GmbH & Co. KG*, 933 F.3d 1302, 1309 (Fed. Cir. 2019). The Court must view the pleadings and affidavits in the light most favorable to the plaintiff, *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721-22 (6th Cir. 2000), and must not consider facts proffered by the defendant that conflict with those offered by the plaintiff, *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Making the *prima facie* case for jurisdiction requires "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp.*, 282 F.3d at 887.

The federal claims in this case are brought under the Lanham Act, which "does not [expressly] authorize the assertion of personal jurisdiction over [the] [d]efendant." *Wholesale Fireworks Corp. v. Wholesale Fireworks Enterprises LLC*, No. 20-111, 2020 WL 2812736, at *2 (N.D. Ohio May 29, 2020). Where personal jurisdiction is not conferred by any federal statute, the Court "must determine whether jurisdiction would be permitted in the courts of the forum state." *Ibid.* (citing 15 U.S.C. § 1125; Fed. R. Civ. P. 4(k)(1)); *see also Curry v. Revolution Labs., LLC*, 949 F.3d 385, 393 (7th Cir. 2020) ("The only federal statute under which Mr. Curry brings his claims is the Lanham Act, which does not authorize nationwide service of process.").

In Michigan, jurisdiction over a corporation can exist on the basis of general personal jurisdiction, *see* Mich. Comp. Laws §§ 600.701 and 600.711, or limited personal jurisdiction, *see* Mich. Comp. Laws §§ 600.705 and 600.715. Neither the pleadings nor the limited record presently before the Court suggest a basis for the assertion of general personal jurisdiction over the defendant. "In determining whether limited personal jurisdiction exists over a given defendant, [the Court ordinarily must] look to both the long-arm statute of the forum state and constitutional due-process requirements." *MAG IAS Holdings*, 854 F.3d at 899. Under Michigan's long-arm statute, the state's jurisdiction "extends to the limits imposed by federal constitutional due process requirements and thus, the two questions become one." *Ibid.* (quoting *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016)).

Michigan's so-called Long Arm Statute defines the scope of its limited personal jurisdiction. But "[t]he Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Michigan interprets its Long Arm Statute to allow personal jurisdiction to extend

to the limits imposed by the federal constitution. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992).

"'Specific' or 'case-linked' jurisdiction depends on an affiliation between the forum and the underlying controversy." *Walden*, 571 U.S. at 283 n.6 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). To satisfy the Due Process Clause, the Court must find that "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Id.* at 284. "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 582 U.S. ---, 137 S. Ct. 1773, 1780 (2017) (quoting *Goodyear*, 564 U.S. at 919).

The defendant insists that it has no operational presence within the state of Michigan. That fact is relevant but not dispositive. The defendant's physical presence within the jurisdiction is not a necessary condition for personal jurisdiction, but "the nonresident generally must have 'certain minimum contacts such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Walden*, 134 S. Ct. at 1121 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Sixth Circuit historically has applied three criteria to guide the minimum contacts analysis, which it enunciated in *Southern Machine Company, Inc. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968):

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine*, 401 F.3d at 381.

The plaintiff's argument for purposeful availment focuses on the website the defendant maintains to receive and process orders from out-of-state customers. The defendant insists that the operation of a purely "passive" website that merely is accessible to residents of the forum state is insufficient to support the exercise of personal jurisdiction. That position is borne out by the cases on point. *See ThermoLife Int'l, LLC v. NetNutri.com LLC*, No. 19-16710, 2020 WL 4218756, at *2 (9th Cir. July 23, 2020) ("ThermoLife's allegation that NetNutri's website is 'highly interactive' is [] insufficient to show a *prima facie* case of specific personal jurisdiction," and "[f]or an interactive website to confer personal jurisdiction, a plaintiff must allege 'something more.'") (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 417-20 (9th Cir. 1997); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229-31 (9th Cir. 2011)). But the evidence does not support the idea that the defendant's website is "purely passive."

When evaluating whether a defendant through the use of its website purposefully avails itself of the privilege of conducting its business in a forum, the Sixth Circuit describes a spectrum of interactivity, ranging from purely "passive" sites that offer no more information than a business card or product brochure to sites that actively facilitate the deliberate transaction of business with residents of a forum. *See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 F. App'x 518, 522 (6th Cir. 2006) (citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002)). Purely passive sites "only offer information for the user to access." *Ibid.* Websites characterized as active "clearly transact business and/or form contracts." *Ibid.* Then there are "hybrid or interactive sites." Those "allow users to exchange information with the host computer." *Ibid.* "[P]urposeful availment is shown if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Ibid.*

The defendant's website plainly qualifies as "interactive." It is not merely a passive conduit for information, but instead it is a facility through which it actively and knowingly sells its products directly to Michigan residents. Kasto's affidavit confirms as much, where he describes the details of his January 2020 transaction with the defendant via its website, and where he also attested that he has made "many" similar prior purchases. When buying allegedly counterfeit Mr. Vapor products online from the defendant, Kasto was required to verify that he was at least 21 years old (presumably for the purpose of ensuring compliance with applicable sales restrictions in various jurisdictions); he provided a Michigan shipping address and payment information and placed an order; and with that information in hand, the defendant sent him an invoice confirming the details of the order and then shipped the products to Kasto's store within this district. That experience undercuts the defendant's assertion that the website is merely "passive" and does no more than offer contact information or product descriptions. Instead, it interactively and deliberately facilitates direct transactions of products with Michigan residents. On nearly identical facts, federal courts readily have upheld the exercise of personal jurisdiction over vendors of allegedly counterfeit products. *See Curry v. Revolution Labs., LLC*, 949 F.3d 385, 399-400 (7th Cir. 2020).

The defendant mentions an undeveloped argument that its sales in Michigan, if any, were "*de minimis*." However, "even a single contact with a forum state may suffice for personal jurisdiction if it is directly and substantially related to the plaintiff's [infringement] claim," *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998). And there is no particular threshold requirement for any especially large volume of sales that must be shown to support the exercise of jurisdiction. For instance, the sale of a handful of allegedly infringing products to investigators located in a forum and employed to procure the products in the course of

preparing for litigation against an infringer have been held sufficient to establish minimum contacts in a trademark suit. *Automobili Lamborghini S.P.A. v. Lamborghini Latino Am. USA*, 400 F. Supp. 3d 471, 477 (E.D. Va. 2019). The repeated direct sale of allegedly infringing products to interested Michigan buyers, as the Kasto affidavit describes, certainly suffices here.

The defendant's conduct of taking orders online and knowingly selling products directly to Michigan customers through its website clearly constitutes "an action of the defendant purposefully directed toward the forum." *Asahi Metal Industries Co. v. Superior Court of California*, 480 U.S. 102, 112 (1982) (opinion of O'Connor, J.); *see also id.* at 111 (noting that conduct of a defendant that may indicate purposeful availment includes, "designing the product for the market in the forum State, advertising in the forum State, establishing channels or providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State"). That is all that is required for purposeful availment.

The Sixth Circuit has "'articulated the standard for [the 'arising from'] prong in a number of different ways, such as whether the causes of action were made possible by or lie in the wake of the defendant's contacts, or whether the causes of action are related to or connected with the defendant's contacts with the forum state.'" *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 552 (6th Cir. 2016) (quoting *Air Products & Controls, Inc. v. Safetech International, Inc.*, 503 F.3d 544, 553 (6th Cir. 2007)). "It is clear, however, that this is a lenient standard and the cause of action need not formally arise from defendant's contacts." *Ibid.* (quotations omitted). This element of the test is easily satisfied. The plaintiff has alleged that the defendant sold product to customers in Michigan that infringed its trademarks and trade dress.

"The final requirement is 'whether exercising personal jurisdiction over [the defendant] would be reasonable, i.e., whether it would comport with traditional notions of fair play and substantial justice.'" *AlixPartners*, 836 F.3d at 552 (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267-68 (6th Cir. 1996)). Where "'the first two criteria are met . . . only the unusual case will not meet this third criterion.'" *Ibid.* (quoting *Theunissen*, 935 F.2d at 1461).

"In analyzing this requirement, [the Court must] consider a number of factors, including: '(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the policy.'" *Ibid.* (quoting *Air Products*, 503 F.3d at 554-55)). The defendant has not offered any convincing argument on any of these factors. "'Because there is an inference of reasonableness when the first two *Southern Machine* prongs are satisfied, [where] there are no considerations put forward by [the defendant] to overcome or contradict that inference, the exercise of jurisdiction is reasonable under the circumstances.'" *Id.* at 552-53 (quoting *Air Products*, 503 F.3d at 555).

III.

The plaintiff has presented sufficient facts to establish that the Court has personal jurisdiction over the defendant for the purposes of the infringement claims pleaded in the complaint.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss for want of personal jurisdiction (ECF No. 12) is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: August 13, 2020